# Lindsay's Estate.

*Wills—Issue devisavit vel non—Undue influence—Testamentary capacity—Evidence.*

1. Where it is shown that at the time of the execution of his will the testator had a knowledge of the property he possessed, an understanding of the disposition he wished to make of it, and of the persons and objects he desired to share in his bounty, together with an intelligent consciousness of the nature and effect of the act he was engaged in, testamentary capacity is sufficiently established.

2. Testator, who was seventy-nine years of age, died unmarried and without issue, leaving a will made nine months before his death by which he gave all his property to a niece with whom he had made his home for many years. He left as his heirs-at-law other nieces and also nephews, grandnieces and grandnephews. Four of the nieces and nephews contested the validity of the will, alleging undue influence and lack of testamentary capacity. The evidence showed little more than descriptions of the testator's actions, or lack of action, the few times the witnesses saw him in his later years, and comments upon his appearance, his failure to recognize some of his relatives and his inclination not to talk

when they visited him, together with indefinite reference to a "stroke" they supposed he had suffered years before his death, but no specific instances sufficient to indicate a lack of the real elements that go to make up testamentary capacity. *Held,* not sufficient to overcome the testimony of the attesting witnesses that the testator possessed all the mental equipment which the law calls for under the circumstances, and that he fully understood what he was doing when he disposed of his property, especially as it was natural that he should leave his comparatively small estate to the niece with whom he had lived for many years and who had constantly ministered to his comfort.

Argued Feb. 11, 1913. Appeal, No. 325, Jan. T., 1912, by William T. Lindsay, Elizabeth Hoskins, Sarah Smith and Ella K. Leland, from decree of O. C. Delaware Co., No. 9255, refusing issue devisavit vel non in the Estate of Joseph Lindsay, deceased. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from the Register of Wills. Before JOHNSON, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree dismissing the appeal and refusing the issue.

*Graham C. Woodward* and *Theodore J. Grayson,* for appellants.

*V. Gilpin Robinson,* with him *Isaac E. Johnson,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 17, 1913:

Joseph Lindsay died December 24, 1909, when upwards of 79 years of age, leaving a will dated March 18, 1909, under which he gave his estate to a niece, Alice Sproul, with whom he had made his home for many years prior to his death. The testator, who was un-

married, left as his heirs at law twenty nieces and nephews with some grandnieces and grandnephews, and four of the former instituted proceeding to contest the validity of the will. The register admitted the writing to probate, and the Orphans' Court refused an issue devisavit vel non; the contestants have appealed. The appellants state the question involved to be, "Whether under the evidence in this case the court would be constrained to set aside a verdict against the will based on lack of testamentary capacity?" The weight of the evidence shows that at the time of the execution of his will the testator had a knowledge of the property he possessed, an understanding of the disposition he wished to make of it and of the persons and objects he desired to share in his bounty, together with an intelligent consciousness of the nature and effect of the act he was engaged in; and under our cases this comprehends all that is required to establish testamentary capacity, Joseph Lindsay was well advanced in years and had long suffered from rheumatism and possibly other ailments; so it is not strange that he at times showed an indifference toward his nephews and nieces, and even occasionally failed to recognize some of them; they seldom visited their uncle, and apparently took but little interest in him. The testimony produced by the contestants which formed the basis for their medical expert's opinion, contains little more than descriptions of the testator's actions, or rather lack of action, the few times the witnesses saw him during the later years of his life, and comment upon his appearance, his failure to recognize some of his relatives and his inclination not to talk when they visited the house in which he lived, with indefinite references to "a stroke" they supposed he had suffered years before his death; but no specific instances sufficient to indicate a lack of the real elements going to make up testamentary capacity appear. On the other hand the testimony of the attesting witnesses to the will, called by the proponent, shows that the testa-

tor possessed all the mental equipment which the law calls for under the circumstances, and that he fully understood what he was doing when he disposed of his property. In addition to this it was perfectly natural that the testator should leave his comparatively small estate to his favorite niece with whom he had lived for so many years and who had shown an affectionate regard for him and constantly ministered to his comfort. It seems unnecessary further to discuss the facts of this case, and the controlling principles of law are so well settled that a citation of authorities would serve no useful purpose. The assignments of error are all overruled and the decree of the court below is affirmed.